CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 07 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KENNIS WALDON, | )  Civil Action No. 7:13CV00125 |
| Plaintiff, | ) |
| v. | )  **MEMORANDUM OPINION** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | )  By:  Hon. Glen E. Conrad |
| | )       Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Kennis Waldon, was born on October 31, 1970, and eventually reached the tenth grade in school. Mr. Waldon has worked as a restaurant cook and garbage collector. He last worked on a regular and sustained basis in 2009. On October 5, 2009, plaintiff filed applications for disability insurance benefits and supplemental security income benefits. Mr. Waldon alleged that he became disabled for all forms of substantial gainful employment on August 17, 2009, due to diabetes and poor circulation in his legs. Plaintiff now maintains that he has remained disabled to the present time. As to his application for disability insurance benefits, the record reveals that Mr. Waldon met the insured

status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See generally 42 U.S.C. §§ 416(i) and 423(a).

Mr. Waldon's claims were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated November 25, 2011, the Law Judge also determined that Mr. Waldon is not disabled. The Law Judge found that plaintiff suffers from severe impairments including polysubstance abuse; lumbar degenerative disc disease; status post femur fracture; hypertension; esophagitis; obesity, diabetes mellitus; and depression. Because of these impairments, the Law Judge ruled that Mr. Waldon is disabled for his past relevant work activity. However, the Law Judge held that plaintiff retains sufficient functional capacity for a limited range of light exertion. The Law Judge assessed Mr. Waldon's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with some additional limitations. The claimant can stand or walk up to 4 hours in an 8-hour workday, and cannot climb ladders, ropes, or scaffolds. The claimant can only perform occasional crouching, balancing, crawling, stooping, kneeling, and climbing of ramps or stairs. The claimant can have no exposure to unprotected heights or hazards. He is limited to simple, routine, repetitive unskilled tasks.

(TR 198). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that Mr. Waldon retains the capacity to perform several specific work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that he is not entitled to benefits under either federal program. See generally, 20 C.F.R. §§ 404.1520(g) and 416.920(g). Mr. Waldon then sought review by the Social Security Administration's Appeals Council. In connection with his request for review, plaintiff submitted additional medical reports,

including clinical notes from a surgical procedure. However, the Appeals Council ultimately adopted the Law Judge's opinion as the final decision of the Commissioner. Having exhausted all available administrative remedies, plaintiff has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's denial of plaintiff's claims is supported by substantial evidence. The Law Judge determined that Mr. Waldon retains sufficient functional capacity to perform light work activity.[1] As regards the medical evidence, the Law Judge found that plaintiff's diabetes and hypertension are subject to reasonable medical control, though he recognized that Mr. Waldon has not been especially compliant in the treatment measures recommended by his physicians. While the Law Judge noted that Mr. Waldon fractured his femur in March of 2010, and that he required surgical intervention to stabilize the broken bone, the Law Judge held that the "fracture healed successfully in less than 12 months." (TR 199). As for plaintiff's nonexertional impairments, the Law Judge observed that a psychiatrist, Dr. Shelly

---

[1] In actuality, the alternate work roles envisioned by the vocational expert fall into the sedentary exertional category. (TR 229-30).

3

McIntyre, had diagnosed major depressive disorder, as well as insulin dependent diabetes mellitus. Dr. McIntyre produced residual functional capacity findings which suggest total disability for all forms of substantial gainful employment. However, the Law Judge discounted Dr. McIntyre's opinion, based on the finding that the psychiatrist's functional assessment was inconsistent with her clinical notes and opinions from other treating sources. (TR 200). As for plaintiff's testimony, the Law Judge observed that "the claimant is not very credible" based on inconsistencies between Mr. Waldon's testimony and the historical record. (TR 199).

For the most part, the court believes that the Law Judge's assessment of the case is fully consistent with the administrative record. While Mr. Waldon definitely experiences some neurological deficits as a result of his diabetes, the simple fact is that the record confirms that plaintiff has not conformed to the prescribed treatment. Indeed, there is every reason to believe that most of Mr. Waldon's physical difficulties, including his diabetes, hypertension, esophagitis, obesity, and sensory problems are subject to reasonable medical control. Moreover, the record confirms that Dr. McIntyre's assessment of the manifestations of plaintiff's depressive disorder and diabetes is not fully consistent with her treatment notes. Stated differently, while Mr. Waldon is undoubtedly depressed, it would appear that his depression is situational, and that there is simply no evidence that the condition constitutes or contributes to an overall disability of requisite duration. The record confirms that plaintiff's depression has proven amenable to treatment with commonly prescribed medications. Finally, the court is constrained to agree that plaintiff's testimony at the hearing is subject to some question, given a variety of inconsistencies as to such matters as the extent of his education, his continuing use of controlled substances, and his current level of physical activity.

In the court's view, the difficulty in this case concerns plaintiff's femur fracture, and his related right leg and hip discomfort. It seems that Mr. Waldon fractured his right femur while fighting with another man in March of 2010. An orthopaedic surgeon, Dr. John R. Edwards, performed a surgical procedure to set the broken bone with the installation of hardware. On several occasions after the surgery, Dr. Edwards reported that the wound healed well, and that there were no signs of hardware failure, loosening, or migration. The Law Judge relied on Dr. Edwards' reports in determining that Mr. Waldon retains sufficient functional capacity for a limited range of light exertion, and that his complaints of discomfort in the right lower extremity are overstated. (TR 194-96).

At the administrative hearing, Mr. Waldon emphasized his right hip and leg pain in explaining why he believes he is unable to work. (TR 218-25). At the time of the administrative hearing on November 10, 2011, Mr. Waldon testified that he is unable to sit for prolonged periods because of hip pain. (TR 225).

The medical record confirms that, after he left Dr. Edwards' care, Mr. Waldon continued to seek treatment for severe pain in his right hip. In the year following issuance of the Administrative Law Judge's opinion, Mr. Waldon, through counsel, submitted a multitude of reports to the Social Security Administration's Appeals Council for consideration in connection with his request for review of the Law Judge's denial of benefits. Plaintiff was seen at the Carilion Clinic on a number of occasions, primarily by a physician assistant, Albert J. Manville. X-rays revealed heterotopic ossification of muscle in the area of the hardware placement.[2] A series of epidural injections were largely unsuccessful in relieving the pain in plaintiff's right hip and leg. Mr. Waldon was eventually referred to the

---

[2] Heterotopic ossification is the presence of bone in soft tissue where bone normally does not exist. Dia Shehab, Abdelhamid H. Elgazzar, and B. David Collier. Heterotopic ossification. J Nucl Med 2002 43:346-353 http://jnm.snmjournals.org/content/43/3/346.long

5

University of Virginia Medical Center. A perincisional neuroma injection was administered on September 4, 2012. However, a planned, second injection on September 24, 2012 was cancelled, given the lack of improvement in plaintiff's subjective discomfort. On that occasion, surgical intervention was recommended. On November 13, 2012, Mr. Waldon underwent surgical excision of a heterotopic ossification and hardware removal from his right femur. Following the surgery, he reported improvement in his level of discomfort.

As previously noted, the Social Security Administration's Appeals Council ultimately adopted the Law Judge's opinion as the final decision of the Commissioner. In assessing the evidence submitted by Mr. Waldon after the issuance of the Administrative Law Judge's opinion, the Appeals Council stated as follows:

> We also looked at records from Carillion [sic] Clinic (52 pages) dated September 18, 2012 through November 28, 2012; UVA Medical Center (6 pages) dated September 24, 2012; Carillion [sic] Roanoke Memorial Hospital (18 pages) dated November 13, 2012 through November 14, 2012; New Horizons (4 pages) dated October 25, 2012; UVA Medical Center (28 pages) dated August 14, 2012 through September 24, 2012; New Horizons (20 pages) dated February 1, 2012 through September 5, 2012; and Carillion [sic] Clinic (53 pages) dated December 5, 2011 through September 28, 2012. The Administrative Law Judge decided your case through November 25, 2011. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before November 25, 2011.
>
> If you want us to consider whether you were disabled after November 25, 2011, you need to apply again. We are returning the evidence to you to use in your new claim.

(TR 2).

Assuming that the new medical reports submitted by Mr. Waldon directly to the Appeals Council are best characterized as new evidence, the court believes that plaintiff has established "good cause" for remand of his case to the Commissioner for further consideration on the merits. In <u>Borders</u>

v. Heckler, 777 F.2d 954 (4th Cir. 1985), the United States Court of Appeals for the Fourth Circuit summarized the standards under which a motion for remand based on new evidence must be considered:

> A reviewing court may remand a Social Security case to the Secretary on the basis of newly discovered evidence if four prerequisites are met. The evidence must be "relevant to the determination of disability at the time the application was first filed and not merely cumulative." Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir. 1983). It must be material to the extent that the Secretary's decision "might reasonably have been different" had the new evidence been before her. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Sims v. Harris, 631 F.2d 26, 28 (4th Cir. 1980). There must be good cause for the claimant's failure to submit the evidence when the claim was before the Secretary, 42 U.S.C. § 405(g), and the claimant must present to the remanding court "at least a general showing of the nature" of the new evidence. King, 599 F.2d at 599.

777 F.2d at 955.

In the instant case, the new medical evidence was received by the Appeals Council. Thus, there is no question as to the nature of the evidence. Moreover, given the facts that the new evidence was obviously generated in the course of continuing treatment, and that the reports were forwarded to the Appeals Council, there can be no concern as to any failure to submit the evidence while the claim was before the Commissioner. Without question, the new evidence relates to a physical impairment, and related subjective symptomatology, which were fully considered by the Law Judge in his opinion. Indeed, as noted above, the subjective discomfort described by Mr. Waldon at the hearing was primarily associated with his damaged hip. As to the final element of the Borders inquiry, the court notes that the new evidence strongly suggests that, contrary to the opinion of the Law Judge and Dr. Edwards, Mr. Waldon continued to experience an objective physical problem associated with the implantation of hardware, which ultimately required surgical intervention. Moreover, the medical necessity for treatment and correction of the condition afflicting plaintiff's right hip, lends credence to plaintiff's

7

testimony regarding the debilitating effect of his subjective discomfort prior to the surgical procedure.³

To the extent that the new reports submitted directly to the Appeals Council are best characterized as new medical evidence, and upon consideration of the Borders factors, the court believes that plaintiff has established "good cause" for remand of his case to the Commissioner for further and more detailed consideration of that evidence.⁴

The court recognizes that the new submissions by plaintiff might arguably fall in a somewhat different category, inasmuch as the reports were first provided to the Appeals Council, and were actually referenced by the Appeals Council in its denial of plaintiff's request for review. The court notes that the United States Court of Appeals for the Fourth Circuit was presented with a similar procedural scenario in the case of Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011). In that case, the Court made the following comments as to the assessment to be given to evidence submitted to the Appeals Council for its consideration in determining whether to review the opinion of an Administrative Law Judge:

> On consideration of the record as a whole, we simply cannot determine whether substantial evidence supports the ALJ's denial of benefits here. The ALJ emphasized that the record before it lacked "restrictions placed on the claimant by a treating physician," suggesting that this evidentiary gap played a role in its decision. Meyer subsequently obtained this missing evidence from his treating physician. That evidence corroborates the opinion of Dr. Weissglass, which the ALJ had rejected. But other record evidence credited by the ALJ conflicts with the new evidence. The Appeals Council made the new evidence part of the record but summarily denied review of the ALJ decision. Thus, no fact finder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record. Assessing the probative value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance. Therefore, we must remand the case for further fact finding.

662 F.3d at 707.

---

³ It is well settled that in order for pain to be disabling, there must be objective medical evidence establishing some condition that could reasonably be expected to produce the pain alleged. Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996); Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986).

⁴ At the very least, the new evidence weighs in favor of establishment of a closed period of disability.

8

In the instant case, no fact finder has undertaken to determine whether the objective physical condition which has now been determined to have caused plaintiff's continuing hip discomfort was such as to have prevented sustained performance of the sedentary work roles envisioned for Mr. Waldon by the vocational expert. The court finds "good cause" for remand of this case to the Commissioner for consideration of the entire body of evidence in his case.

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for further development, including consideration of the new evidence submitted during the period between the issuance of the Administrative Law Judge's opinion and the adoption of such opinion as the final decision of the Commissioner by the Social Security Administration's Appeals Council. If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record as supplemented by the new medical evidence, the Commissioner will conduct a supplemental administrative hearing at which both sides will be allowed to present additional evidence and argument. An appropriate order of remand will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This ___7th___ day of May, 2014.

_____
Chief United States District Judge